IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RANDALL T. GREENOUGH | § | |
| VS. | § | CIVIL ACTION NO. 9:21-CV-75 |
| SHARILLA GRAY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Randall T. Greenough, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Sharilla Gray.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant filed a motion to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed a response, and the matter is now ripe for review.

Factual Background

On August 9, 2019, plaintiff alleges defendant Gray slammed plaintiff's cell door shut before he was able to exit the doorway. Plaintiff states that the cell door hit his left shoulder, and he screamed. Defendant Gray allegedly used profanity, and told plaintiff that he should have gotten out of the way. Plaintiff claims he told defendant Gray that his shoulder hurt and asked for help, but defendant Gray did not write up the incident or get medical assistance for the plaintiff.

Plaintiff alleges he told a correctional officer about the incident. The correctional officer called for a sergeant, who escorted plaintiff to the medical department for treatment. A nurse

examined plaintiff's shoulder and noted that it was red and swollen. Plaintiff states that photographs were taken of his shoulder, and the nurse gave him an ice bag. Later that day, a doctor examined plaintiff and issued him an arm sling.

Plaintiff filed a grievance against defendant Gray. One week later, defendant Gray allegedly told plaintiff that she "better not hear anything about being handicapped or any shit like that." Plaintiff states he told defendant Gray that she would not get away with this, and she responded, "We will see about that."

## Motion to Dismiss

Defendant moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant contends that the claims against her in her official capacity should be dismissed. With respect to the claims against her in her individual capacity, the defendant contends that the plaintiff has failed to state a claim and that she is entitled to qualified immunity.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to

relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

<u>Analysis</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

*Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004). First, the court must determine whether plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. Then, if a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. Clearly established rights should not be defined broadly. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The district court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Plaintiff's allegations meet the second prong of the test because his rights to be free from excessive force and retaliation, and his right to medical treatment, were clearly established at the time of the alleged violations. Thus, the court must determine whether plaintiff has alleged facts demonstrating that his constitutional rights were violated.

*Excessive Force*

Plaintiff alleges the defendant used excessive force against him, in violation of the Eighth Amendment, when she closed the cell door on his shoulder. In addressing an excessive use of force

4

claim, analysis begins by identifying the specific constitutional right allegedly infringed upon by the challenged application of force. *Graham v. Connor*, 490 U.S. 386 (1992). The claim of a convicted prisoner is judged against the Eighth Amendment standard set out in *Hudson v. McMillian*, 503 U.S. 1 (1992). "Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7 (*quoting Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Several factors are relevant in determining whether the force used was excessive: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 17; *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9. The Eighth Amendment prohibition against cruel and unusual punishment "necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9, *quoting Whitley*, 475 U.S. at 327; *see Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (noting that an inmate complaint of a push or shove that causes no injury would almost certainly fail to state a claim of excessive force); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (spraying inmate with a fire extinguisher after the fire was out was a de minimis use of physical force and was not repugnant to the conscience of mankind where the inmate suffered no physical injury).

5

In this case, plaintiff has not alleged facts demonstrating that the defendant acted maliciously and sadistically in order to cause plaintiff harm. Rather, plaintiff alleges that the defendant was not paying attention when she closed the cell door. At most, plaintiff's allegations would support a finding that the defendant acted negligently, but allegations that the defendant was negligent or failed to act reasonably are insufficient to state an actionable claim under § 1983. *Hale v. McLean*, 250 F. App'x 89, 90 (5th Cir. 2007) (finding the defendant was entitled to qualified immunity where his inappropriate or possibly negligent behavior in throwing johnny sacks at inmates was not motivated by malice or an intent to specifically hit the plaintiff in the testicles to cause harm); *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003); *Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."). The force used in this case was not repugnant to the conscience of mankind. Therefore, plaintiff has filed to state a claim of excessive force, and the defendant is entitled to qualified immunity with respect to this claim.

*Deliberate Indifference to Medical Needs*

Plaintiff contends the defendant violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him with immediate medical treatment.

Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A

prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Domino*, 239 F.3d at 754.

An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer*, 511 U.S. at 839. To satisfy the objective requirement, plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). Plaintiff must also demonstrate that the defendant was deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; plaintiff must establish that the defendant was aware of an excessive risk to plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart*, 174 F.3d at 534.

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534. Nor does an inmate's disagreement with his medical treatment amount to an Eighth Amendment violation. *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

According to the factual allegations in his complaint, plaintiff was brought to the medical department after the incident by a sergeant. Plaintiff was evaluated by a nurse, who documented his injuries and gave him ice. Later that day, plaintiff was evaluated by a doctor, and he was given a sling for his arm. Plaintiff has not demonstrated that he was harmed by the delay in receiving treatment for his injured shoulder. Therefore, the claim that the defendant was deliberately indifferent to plaintiff's serious medical needs fails to state a claim upon which relief may be granted, and the defendant is entitled to qualified immunity.

*Retaliation*

Plaintiff alleges that the defendant retaliated against plaintiff for filing a grievance against her. "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). However, retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation claim, an inmate must prove: (1) he was exercising a specific constitutional right, (2) the defendant intended to retaliate against the inmate for exercising that right, (3) a retaliatory adverse act, and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Conclusory allegations are insufficient to establish a retaliation claim. *Woods*, 60 F.3d at 1166. The

inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004).

In this case, plaintiff has not stated a retaliation claim because he has not demonstrated that the defendant intended to retaliate against him. Plaintiff alleges he had an interaction with the defendant after he filed the grievance and she made a comment that she "better not hear anything about being handicapped or any shit like that" and that she said, "We will see about that" when plaintiff said she would not get away with it. These exchanges do not show direct evidence of motivation. Plaintiff also failed to allege a chronology of events from which retaliation may be inferred. In addition, plaintiff does not allege that the defendant took any retaliatory action against him. Because plaintiff's allegations of retaliation fail to state a claim upon which relief may be granted, the defendant is entitled to qualified immunity.

## Recommendation

Defendant's motion to dismiss should be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United*

9

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 2nd day of March, 2022.

                                                  Zack Hawthorn
                                                  United States Magistrate Judge